**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JAMES GREEN,

    Plaintiff,

    v.

ROMEO ARANAS et al.,

    Defendants.

3:14-cv-245-RCJ-VPC

**ORDER**

## I. DISCUSSION

### A. Ninth Circuit Memorandum Opinion

On May 28, 2014, this Court entered a screening order dismissing Plaintiff's complaint in its entirety with prejudice, as amendment would be futile. (ECF No. 3 at 6). The Court construed Plaintiff's three counts–which alleged retaliation, due process violations, and Eighth Amendment violations–as one claim for deliberate indifference to serious medical needs and found that Plaintiff failed to state a claim. (*Id.* at 3-5). The Clerk of the Court entered judgment that same day. (ECF No. 5).

On June 30, 2014, Plaintiff filed a notice of appeal. (ECF No. 6). On July 7, 2015, the Ninth Circuit issued a memorandum opinion vacating and remanding this case. (ECF No. 11 at 3). The Ninth Circuit held that this Court had construed Plaintiff's complaint as only raising an Eighth Amendment deliberate indifference claim "without first providing [Plaintiff] with notice of the deficiencies and an opportunity to amend with the benefit of that notice." (*Id.* at 2). Additionally, the Ninth Circuit stated that this Court did not address Plaintiff's retaliation and procedural due process claims relating to the discontinuation of medical treatment of Plaintiff's ichthyosis. (*Id.*). The Ninth Circuit vacated the judgment and remanded to this Court with instructions "to address the retaliation and procedural due process claims and to provide

[Plaintiff] with an opportunity to amend his deliberate indifference claim." (*Id.*).

### B. Re-Screening of Original Complaint

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Ely State Prison ("ESP"). (ECF No. 4 at 1). Plaintiff sues Defendants NDOC Medical Director Romeo Aranas, Warden Rene Baker, NDOC Director James Cox, ESP Director of Nursing J. Gardner, and Dr. Koehn. (*Id.* at 2-3). Plaintiff alleges three counts and seeks declaratory relief, injunctive relief, and monetary damages. (*Id.* at 7, 11 ).

#### i. Count I

In Count I, Plaintiff alleges the following: In September 2013, January 2014, and February 2014, Plaintiff had filed grievances against the medical staff for "contaminating" his prescription speciality drug AmLactin, or lactic acid. (ECF No. 4 at 4). On March 3, 2014, Dr. Koehn had discontinued Plaintiff's lactic acid prescription in order to destroy evidence of such contamination. (*Id.*). Plaintiff had been receiving that medication from the NDOC since 2008. (*Id.*). Plaintiff alleges First Amendment retaliation. (*Id.*).

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2004). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id*.

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id*. at 567-68.

The Court finds that Plaintiff states a colorable claim for retaliation. Based on the allegations, Plaintiff filed grievances against the medical staff for contaminating his lactic acid

medication and, as a result, Dr. Koehn stopped Plaintiff's prescription even though Plaintiff had been receiving the medication for over six years. This claim shall proceed against Dr. Koehn.

### ii. Count II

In Count II, Plaintiff alleges the following: On March 3, 2014, Dr. Koehn had discontinued chronic care for Plaintiff's "rare genetic disorder" called ichthyosis.[1] (ECF No. 4 at 5). According to Plaintiff, his body does not produce lactic acid. (*Id.*). On March 7, 2014, March 14, 2014, and April 11, 2014, Plaintiff had met with Dr. Koehn, but Dr. Koehn had refused to discuss Plaintiff's ichthyosis. (*Id.*). On April 11, 2014, Dr. Koehn told Plaintiff that the medical staff was no longer treating ichthyosis as chronic care. (*Id.*). Plaintiff asserted that Dr. Koehn's course of non-treatment was painful and ineffective. (*Id.* at 6). Baker, Gardner, Cox, and Aranas had failed to intervene. (*Id.*). Plaintiff alleges a due process violation. (*Id.* at 5).

Pursuant to the Ninth Circuit remand, this Court is supposed to address Plaintiff's procedural due process claim relating to the discontinuation of medical treatment of his ichthyosis. (ECF No. 11 at 2). This Court finds that Plaintiff cannot state a procedural due process claim for the discontinuation of medical treatment and once again believes that this issue is an Eighth Amendment deliberate indifference to serious medical needs issue.[2] The Court dismisses the due process claim, without prejudice, with leave to amend. The Court provides Plaintiff with the law for due process and gives Plaintiff the opportunity to state a claim for due process upon amendment.

Under the Fourteenth Amendment, prisoners "may not be deprived of life, liberty, or

---

[1] According to the National Institute of Arthritis and Muscolosketetal and Skin Diseases ("NIAMS"), "ichthyosis" is a family of disorders characterized by dry or scaly and thickened skin. *See* NIAMS at http://www.niams.nih.gov/health_info/Ichthyosis/. There is no cure for ichthyosis but treatment is targeted at managing the signs and symptoms which include itching, overheating, and pain. *Id*.

[2] The Court notes that the Ninth Circuit did not provide any case law addressing whether Plaintiff may state a cognizable procedural due process claim for the discontinuation of medical treatment. The Court acknowledges that a plaintiff is entitled to procedural due process when prison officials forcibly medicate a prisoner. *See Washington v. Harper*, 494 U.S. 210 (1990). However, the Court recognizes that Plaintiff is not alleging forcible medication in this case.

property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). However, "the fact that prisoners retain rights under the Due Process Clause in no way implies that these rights are not subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Id*. "[T]here must be mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." *Id*.

### iii. Count III

In Count III, Plaintiff alleges the following: On March 3, 2014, Dr. Koehn had refused to meaningfully address his order to discontinue Plaintiff's prescription medication for ichthyosis. (ECF No. 4 at 7). When Plaintiff tried to discuss matter on March 14, 2014 and April 11, 2014, Dr. Koehn had a correctional officer remove Plaintiff from the exam room. (*Id.*). Baker, Gardner, Aranas, and Cox had known about Dr. Koehn's actions. (*Id.*). Dr. Koehn should have known that the medical staff had been giving Plaintiff a contaminated prescription as early as September 22, 2013 because the medication was causing Plaintiff pain and discomfort. (*Id.*). Dr. Koehn had discontinued the prescription as part of a conspiracy to eliminate any evidence for state and federal health investigators. (*Id.*). Plaintiff alleges an Eighth Amendment violation. (*Id.*).

The Court interprets the allegations in Counts II and III as a claim for deliberate indifference to serious medical needs. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).

To establish the first prong, "the plaintiff must show a serious medical need by

4

demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id*. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id*. (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Additionally, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1344 (9th Cir. 1981). To establish that a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

Based on the allegations as a whole, it appears that Plaintiff disagrees with Dr. Koehn's course of treatment for Plaintiff's ichthyosis. It appears that Dr. Koehn had decided to discontinue treating Plaintiff's ichthyosis as a chronic care condition. The Court finds that the basis of Plaintiff's complaint is the disagreement with Dr. Koehn's decision not to treat the ichthyosis. As such, this difference of opinion between what Plaintiff thinks his course of treatment should be and what Dr. Koehn decided the course of treatment should be does not state a § 1983 claim. The Court finds that Plaintiff fails to state a claim. However, in light of

the Ninth Circuit's remand, the Court grants Plaintiff leave to amend this claim.  If Plaintiff chooses to amend, he should focus his allegations on how Dr. Koehn denied, delayed or intentionally interfered with Plaintiff's medical treatment and should describe the type of pain caused by those actions.

### C. Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint.  If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).  Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit.  Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies of his procedural due process and deliberate indifference claims, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.  If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, this action shall proceed against Dr. Koehn on the retaliation claim only.

## II. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Clerk of the Court shall reinstate the application to proceed *in forma pauperis* (ECF No. 1) in light of the Ninth Circuit remand.

IT IS FURTHER ORDERED that Count I, alleging retaliation, shall proceed against Defendant Dr. Koehn.

IT IS FURTHER ORDERED that Count II, alleging procedural due process violations,

is dismissed, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that Count III, alleging deliberate indifference to serious medical needs, is dismissed, without prejudice, with leave to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff shall file the amended complaint within 30 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 4).  If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint curing the stated deficiencies of the complaint, this action shall proceed on the First Amendment retaliation claim only.

Dated: July 14, 2015.

_____
United States District Judge