**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES GREEN,<br><br>        Plaintiff,<br><br>    vs.<br><br>ROMEO ARANAS et al.,<br><br>        Defendants. | 3:14-cv-00245-RCJ-VPC<br><br>**ORDER** |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983.  The Court initially denied the IFP application as moot in this case when it dismissed the Complaint with prejudice upon screening under 28 U.S.C. § 1915A.  Upon remand from the Court of Appeals, the Court ordered the IFP application "reinstated," but the Court has not yet ruled on the application.  The Court now denies the application under 28 U.S.C. § 1915(g) and defers screening of the Amended Complaint.  Plaintiff has incurred at least three "strikes" under § 1915(g) and therefore may not proceed IFP absent a claim of imminent danger or injury that he does not make:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

First, in Case No. 3:09-cv-206, Judge Reed dismissed Plaintiff's complaint upon screening. Although leave to amend was given in part, the dismissal counts as a "strike" under § 1915(g) because all claims were dismissed for failure to state a claim. *See O'Neal v. Price*, 531 F.3d 1146, 1151–54 (9th Cir. 2008). Second, the Court of Appeals dismissed the appeal of that case for failure to pay filing fees after noting that the appeal was frivolous and denying IFP status on appeal for that reason. Dismissals under such circumstances count as "strikes" under § 1915(g) because they are in substance dismissals for frivolity. *See, e.g.*, *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (citing *Thompson v. DEA*, 492 F.3d 428, 433 (D.C. Cir. 2007)). Third, in Case No. 3:14-cv-261, this Court dismissed Plaintiff's complaint upon screening, with leave to amend, and dismissed an amended version of the complaint without leave to amend. Fourth, the Court of Appeals dismissed the appeal of that case for failure to pay filing fees after noting that the appeal was frivolous and denying IFP status on appeal for that reason.

## CONCLUSION

IT IS HEREBY ORDERED that the Application for Leave to Proceed in Forma Pauperis is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have until April 1, 2016 to pay the filing fees of $400. Plaintiff's failure to comply with this Order will result in dismissal without prejudice.

IT IS SO ORDERED.

Dated this 17th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge