1
2
3
4

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAMES GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 3:14-cv-00245-RCJ-VPC |
| vs. | ) |
| | ) **ORDER** |
| ROMEO ARANAS et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a prisoner civil rights complaint under 42 U.S.C. § 1983.  The Court initially denied the IFP application as moot in this case when it dismissed the Complaint with prejudice upon screening under 28 U.S.C. § 1915A.  Upon remand from the Court of Appeals, the Court ordered the IFP application "reinstated."  The Court recently denied the application under 28 U.S.C. § 1915(g) and deferred screening of the Amended Complaint because Plaintiff had incurred at least three "strikes" under § 1915(g) and therefore could not proceed IFP absent a claim of imminent danger or injury that he did not make:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

First, in Case No. 3:09-cv-206, Judge Reed dismissed Plaintiff's complaint upon screening.  Although leave to amend was given in part, the dismissal counts as a "strike" under § 1915(g) because all claims were dismissed for failure to state a claim. *See O'Neal v. Price*, 531 F.3d 1146, 1151–54 (9th Cir. 2008).  Second, the Court of Appeals dismissed the appeal of that case for failure to pay filing fees after noting that the appeal was frivolous and denying IFP status on appeal for that reason.  Dismissals under such circumstances count as "strikes" under § 1915(g) because they are in substance dismissals for frivolity. *See, e.g.*, *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (citing *Thompson v. DEA*, 492 F.3d 428, 433 (D.C. Cir. 2007)).  Third, in Case No. 3:14-cv-261, this Court dismissed Plaintiff's complaint upon screening, with leave to amend, and dismissed an amended version of the complaint without leave to amend.  Fourth, the Court of Appeals dismissed the appeal of that case for failure to pay filing fees after noting that the appeal was frivolous and denying IFP status on appeal for that reason.

The Court warned that it would dismiss without prejudice if Plaintiff did not pay the filing fees by April 1, 2014.  Plaintiff has not paid the filing fees but has asked the Court to reconsider its previous ruling.  First, Plaintiff claims that he does not have three strikes, but he has not explained why he believes any of the dismissals noted should not count as strikes.  Second, Plaintiff claims the "imminent danger of serious physical injury" exception applies, but he alleges only a denial of a specialty medication used to treat his ongoing skin condition, not any danger of serious physical injury.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 19) is DENIED.

IT IS FURTHRER ORDERED that the case is DISMISSED without prejudice, and the Clerk shall close the case.

IT IS SO ORDERED.

DATED: This 12th day of April, 2016.

_____
ROBERT C. JONES
United States District Judge